WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Hayden, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>Rapid Collection Systems, Inc., an Arizona Corporation; Mr. Howard Lee Goldblatt, an individual; John Does I-X; Jane Does I-X; ABC Corporations I-V; XYZ Limited Liability Companies I-V,<br><br>    Defendant. | No. 06-0387-PHX-ROS<br><br>**OPINION AND ORDER** |

    Pending before the Court is a Motion to Dismiss filed by Defendant Rapid Collection Systems, Inc. ("Rapid") and Defendant Howard Lee Goldblatt ("Goldblatt"). (Doc. 8) For the following reasons, the motion will be denied.

## BACKGROUND

    On April 21, 2005, Plaintiff Todd Hayden entered into a lease agreement with Greystar Real Estate Partners. (Doc. 1) The agreement provided Plaintiff the use of an apartment at the Tempe Groves Apartments. Plaintiff agreed to pay $649.00 (not including taxes and other fees) each month. The lease agreement was scheduled to last from April 22, 2005 through April 30, 2006. The agreement lists five types of "Move Out Charges" that might be assessed against Plaintiff upon his moving out of the apartment. The "Move Out

Charges" listed are: 1) "Rent;" 2) "Inadequate Cleaning;" 3) "Administrative Charges;" 4) "Property Damage;" and 5) "Other." The "Move Out Charges" described as "Rent" and "Administrative Charges" are relevant here.

The "Rent" provision states,

> Resident (Plaintiff) must deliver a signed "Vacate Notice" at least sixty (60) days prior to move out. Resident must fulfill the agreed upon terms of the Rental Agreement. The Sixty-Day Notice must be delivered to management at least sixty (60) days prior to the lease agreement's expiration. For rental agreements which are month-to-month, resident agrees to provide a vacate notice thirty (30) days prior to the periodic rental due date.

The "Administrative Charges" provision states,

> I (Plaintiff) agree to pay $1,000.00 to defray Management's administrative and marketing costs if [I] do[] either of the following: (1) fail[] to fulfill the agreed upon term[s] of the Apartment Rental Agreement or, (2) fail[] to deliver a written "Vacate Notice" to Management at least 60 days prior to move out.

Plaintiff vacated the apartment in August 2005, approximately seven months before the lease was scheduled to expire. On September 1, 2005, Tempe Groves Apartment generated a "Statement of Security Deposit Accounts." That document stated Plaintiff owed $1,000.00 for a "Lease Break Fee" and $1,298.00 for "60 Day NTV [presumably "Notice to Vacate"]," for a total amount owing of $2,298.00.

Plaintiff did not pay the amount he allegedly owed and Greystar Real Estate Partners forwarded Plaintiff's file to Rapid, a collections agency. On October 5, 2005, Rapid sent a letter to Plaintiff stating that it was attempting to collect the $2,298.00 balance owed to "Tempe Groves Apartments-Greystar." Plaintiff retained an attorney and on October 18, 2005 the attorney sent a letter to Rapid "disput[ing] the validity of <u>all charges</u> that [Rapid] claim[ed] due and owing." The letter also requested documentation regarding "the validity of <u>every item</u> that is included in [Rapid's] collection demand." Rapid responded to this request by sending to Plaintiff's counsel a copy of the "Statement of Security Deposit Accounts."

1  Plaintiff filed this lawsuit against Rapid and a Rapid employee, Howard Lee
2  Goldblatt, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-
3  1692o. Plaintiff alleges Defendants violated the FDCPA by sending "collection letters that
4  demanded monies that were not expressly authorized by the contract creating the debt," by
5  using "deceptive means in the attempt to collect a consumer debt," and by sending "collection
6  letters that falsely represent the character, amount, or legal status of any debt." Plaintiff
7  brought the action as a class action on behalf of all individuals that received communications
8  similar to the one he received. Defendants Rapid and Goldblatt filed a Motion to Dismiss
9  claiming that the entire debt was expressly authorized by the lease agreement and that a debt
10 collector has no duty to independently review "the validity of creditors' debts if the creditor
11 confirms the terms of the debt." (Doc. 8 p. 4) Plaintiff responded by claiming that the lease
12 agreement does not authorize the debt and Defendants cannot rely on Greystar's
13 representation regarding the validity of the debt to avoid liability.

## ANALYSIS

### I. Jurisdiction

Plaintiff alleges Defendants' actions violated the FDCPA. According to the FDCPA, "[a]n action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy." 15 U.S.C. § 1692k(d). The Court has jurisdiction over this action.

### II. Motion to Dismiss

Defendants' Motion to Dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6). When evaluating such a motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Defendants' Motion is based, in part, on the language of the lease agreement. A copy of the lease agreement was attached as an exhibit to Plaintiffs' complaint. Thus, the Court may consider the terms of that lease agreement "without converting the motion to dismiss into a motion for summary judgment." United States v.

1  Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). See also Fed. R. Civ. P. 10(c) ("A copy of any
2  written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

### A. Express Authorization

A section of the FDCPA prohibits the collection of any amount unless the amount the debt collector is seeking to collect is either 1) "expressly authorized by the agreement creating the debt;" or 2) "permitted by law." 15 U.S.C. § 1692f. Defendants' argument focuses on the first exception; they believe the lease agreement "expressly authorized" the "60 Day NTV" charge. Defendants point to the "Rent" provision in the "Other Charges" section of the lease agreement as providing express authorization for the "60 day NTV" charge. The provision states Plaintiff had to "deliver a signed 'Vacate Notice' at least sixty (60) days prior to move out." Defendants read this to mean that if Plaintiff failed to provide sixty days notice of his intent to terminate the agreement, Greystar could charge him two months rent. But construing the agreement in the light most favorable to Plaintiff, no such charge is allowed.

The agreement requires Plaintiff to give sixty days notice but it does not clearly state the effect, if any, of Plaintiff's failure to provide such notice. In contrast, the other provisions under "Move Out Charges" provide for specific penalties. For example, the "Property Damage" provision states that Plaintiff "will be charged Management's cost to repair" any damage to the apartment. Also, the "Inadequate Cleaning" provision states Plaintiff "will be charged the amount listed in [the] agreement" to clean portions of the apartment. Finally, the "Administrative Charges" provision states that Plaintiff would have to pay $1,000 if he "fails to deliver a written 'Vacate Notice' to Management at least 60 days prior to move out." The language of the agreement expressly authorized certain charges but the agreement does not clearly provide any authorization for the assessment of two months rent as a penalty for Plaintiff's failure to provide a timely "Vacate Notice." Defendants' contention that the "60 day NTV" charge was expressly authorized will be rejected at this time.

The other exception to liability under the FDCPA is if the amount a debt collector attempts to collect is "permitted by law." 15 U.S.C. § 1692f. The parties agree that Arizona law applies to this action. Therefore, the issue is whether Arizona law permitted the 60 Day NTV fee. See Charles v. Check Rite, Ltd., No. CIV-95-2263, 1998 U.S. Dist. LEXIS 22512 (D. Ariz. Dec. 14, 1998) ("[S]tate law must expressly permit the collection of a fee; mere silence on the issue does not authorize the collection of a fee.").

Defendants cite Arizona Revised Statutes ("A.R.S.") section 33-1321(D) in connection with the demand for the 60 Day NTV fee. (Doc. 10 p.2) But A.R.S. § 33-1321(D) only provides that a landlord must deliver to the tenant, within fourteen days of the tenant vacating the property, "an itemized list of all deductions together with the amount due and payable to the tenant, if any." This statute does not provide any substantive basis for charging Plaintiff two months rent. Defendants cite no other applicable law that could serve as the basis for the 60 Day NTV fee. Thus, Defendants have failed to prove that the 60 Day NTV was permitted by law as required by the FDCPA.

**B. Reliance on Greystar's Statements**

Defendant's second argument in support of its Motion to Dismiss is that the FDCPA imposes no duty on debt collectors to independently review "the validity of creditors' debts if the creditor confirms the terms of the debt." (Doc. 8 p. 4) Defendants allege that they confirmed the amount of the debt with Greystar. Therefore, they cannot be liable under the FDCPA. Defendants cite a number of unpublished district court opinions in support of this argument.[1]

---

[1] Three of the cases cited by Defendants are from this District and involve a debt collector's reliance on the statements of its client as a possible defense in a FDCPA action. Anderson v. Canyon State Prof'l Servs., No. CIV-03-428, 2003 U.S. Dist. LEXIS 26419 (D. Ariz. Sept. 1, 2003); Axtell v. Collections U.S.A., Inc., No. CIV-02-0536, 2002 U.S. Dist. LEXIS 23019 (D. Ariz. Oct. 21, 2002); Reichert v. Natl. Credit Sys., Inc., No. CIV-03-1740, 2005 U.S. Dist. LEXIS 5784 (D. Ariz. March 31, 2005). But these three cases were resolved at the summary judgment stage, involved defenses not raised here, and reached inconsistent results. The Court will not attempt to explicate and reconcile these cases at this early stage of the current litigation.

- 5 -

Defendants' argument regarding reliance on Greystar's statements depends in large part on their belief that the "60 Day NTV" charge was authorized by the lease. (See Doc. 10 p. 3-4 "Defendants did not blindly rely on the Landlord's representation, *nor did it demand any additional fees not authorized by the principal obligation*. . . . [N]o other amounts other than the damages pursuant to his breach of the Lease were demanded.") (emphasis added). The Court has already determined that, construing the facts in the light most favorable to Plaintiff, the "60 Day NTV" charge was not authorized by the lease. Pursuant to that view, Defendants *may* have attempted to collect an amount not expressly authorized by the agreement. See 15 U.S.C. § 1692(f)(1). The FDCPA is a strict liability statute. Irwin v. Mascott, 112 F. Supp. 2d 937, 958 (N.D. Cal. 2000). If Defendants sought to collect an amount not expressly authorized by the agreement, they committed a violation of the FDCPA, regardless of Greystar's statements to Defendants.[2] Defendants' second argument will be rejected at this time.

Accordingly,

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 8) is **DENIED**.

DATED this 4/27/06

Roslyn O. Silver
United States District Judge

---

[2] While often described as a strict liability statute, there is a statutory defense available to debt collectors known as the "bona fide error" defense. 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.") Defendants state that the Motion to Dismiss is not based on the "bona fide error" defense and the Court has disregarded the issue for purposes of the Motion to Dismiss. (Doc. 10 p.4)